IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| TREES "R" US, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 16-cv-3026 |
| ) | |
| TIMOTHY ADAMS d/b/a ) | |
| TREES R US, ) | |
| ) | JURY TRIAL DEMANDED |
| Defendant. ) | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT**

NOW COMES the Plaintiff, TREES "R" US, INC. ("Plaintiff"), and for its Complaint against the Defendant, TIMOTHY ADAMS d/b/a TREES R US ("Defendant"), states and alleges as follows:

**NATURE OF ACTION**

1. This is a civil action for trademark infringement under applicable federal, state, and common law. Plaintiff brings this action because Defendant is doing business under a confusingly similar name and trademark in violation of Plaintiff's rights. Plaintiff seeks to enjoin Defendant's acts, to recover damages and Defendant's profits, and to secure other relief, including attorneys' fees and costs.

**PARTIES**

2. Plaintiff is an Illinois corporation having its principal place of business at 524 South Rand Road, Wauconda, Illinois 60084.

3. Upon information and belief, Defendant operates a tree service business with its principal place of business located at 243 East 17th Street, Chicago Heights, Illinois 60411.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1125(a) and 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the laws of the United States, specifically 15 U.S.C. §§ 1051 *et seq.* (the "Lanham Act.").

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they are substantially related to Plaintiff's federal Lanham Act claims.

6. This Court has personal jurisdiction over Defendant and venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is doing business in this District and the events giving rise to Plaintiff's claims occurred in this District.

## FACTS
### Trees "R" Us Inc.

7. Over the past sixteen years, Plaintiff has provided various landscaping and tree services to consumers living in northern Illinois under its name and mark "Trees 'R' Us" (the "Mark"). *See Secretary of State printout for Trees "R" Us, Inc., dated February 17, 2016, attached hereto as Exhibit A.*

8. The Mark has been used in connection with "Trees 'R' Us, Inc." goods and services, including but not limited to landscaping and tree services.

9. Plaintiff's Mark is displayed on all advertisements, brochures, flyers, web pages, and other promotional materials distributed by Plaintiff to promote its goods and services.

10. Consumers in northern Illinois have come to recognize goods and services promoted under Plaintiff's Mark as emanating from "Trees 'R' Us, Inc."

11. Plaintiff has invested in its brand over the last sixteen years through a great amount of advertising in various forms of media, including but not limited to its website,

brochures, print advertisements, and other promotional materials.

12. Through its continued use of the "Trees 'R' Us" brand for approximately sixteen years, Plaintiff has built up substantial goodwill in its Mark and the relevant consumers have come to recognize the Mark as a source for high-quality landscaping and tree services.

### Defendant's Unlawful Activities

13. Roughly two years ago, Plaintiff became aware that Defendant was advertising and selling tree services to consumers in northern Illinois under the name "Trees R Us." *See printout from Yellowpages.com, dated February 17, 2016, attached hereto as Exhibit B.*

14. On or about August 7, 2015, Plaintiff's counsel wrote to Defendant, notifying Defendant of its infringement of Plaintiff's mark, the likelihood that customers would be confused, and requesting that the infringement stop immediately. *See Correspondence from Lavelle Law, Ltd., dated August 7, 2015, attached hereto as Exhibit C.*

15. On or about October 19, 2015, Plaintiff was contacted by an individual residing in northern Illinois who hired and provided a down-payment to Defendant to perform tree services on her property, but had not heard from the Defendant after he failed to show up at her residence and failed to return her phone calls after numerous attempts to contact the Defendant.

16. The individual referenced in Paragraph 15 told Plaintiff she was going to post a negative review on the internet based on her experience with "Trees R Us".

17. On or about February 3, 2016, Plaintiff was contacted by a second individual residing in northern Illinois who also hired and provided a down-payment to Defendant to perform tree services on his property, but had not heard from the Defendant after he failed to show up at his residence and failed to return his phone calls after numerous attempts to contact the Defendant.

18. Since on or around October 19, 2015, Plaintiff has been contacted by at least five different consumers who expressed confusion as to which "Trees R Us" they were contacting.

19. Since on or around October 19, 2015, Plaintiff has contacted at least one vendor who was confused as to which "Trees R Us" it was being contacted by.

20. Upon information and belief, despite Plaintiff's letter dated August 7, 2015, Defendant is currently using the name "Trees R Us" to advertise and sell its tree services with full knowledge of the infringement on Plaintiff's Mark.

21. Both Plaintiff and Defendant use their respective marks in connection with tree services advertised to consumers in northern Illinois.

22. In all respects, Plaintiff and Defendant sell similar services, operate in the same channel of trade, and offer their goods and services to the same categories of consumers.

23. Defendant's use of the "Trees R Us" mark is identical in sound and connotation to Plaintiff's "Trees 'R' Us" Mark.

24. Defendant's use of the "Trees R Us" mark is likely to cause confusion, mistake, and deception as to the source or origin of Defendant's infringing goods and services on the one hand, and Plaintiff's goods and services on the other, and is likely to falsely suggest a sponsorship, connection, affiliation, or association between Defendant and/or its goods and services on the one hand, and Plaintiff's on the other, thereby injuring Plaintiff and the public.

25. Defendant's activities described above are without Plaintiff's permission.

26. Upon information and belief, Defendant's activities described above are willful.

27. Defendant's activities described above have directly and proximately caused, and unless enjoined will continue to cause, irreparable harm to Plaintiff, consumers, and vendors

who have an interest in being free from confusion, mistake, and deception.

28. Plaintiff has no adequate remedy at law and will be irreparably harmed if Defendant is permitted to use the "Trees R Us" mark in northern Illinois in connection with selling tree services.

**COUNT I**
**Federal Trademark Infringement**
**Under 15 U.S.C. § 1125(a)**

29. Plaintiff hereby realleges and incorporates each and every paragraph above as though fully stated herein.

30. For the last sixteen years, Plaintiff has invested significant effort and funds in marketing and promoting its products under the "Trees 'R' Us" Mark and as a result, consumers in northern Illinois associate Plaintiff's Mark with a single producer or source.

31. Defendant's infringing use of "Trees R Us" mark is confusingly similar to Plaintiff's "Trees 'R' Us" Mark.

32. Defendant's use of the "Trees R Us" mark in connection with the sale, offering for sale, distribution, and advertising of tree services is likely to cause confusion, or to cause mistake, or to deceive in violation of 15 U.S.C. § 1125(a).

33. Defendant is misrepresenting and falsely describing to the general public the origin and source of its services sold under the infringing "Trees 'R' Us" mark in northern Illinois, and creating a likelihood of confusion by consumers and vendors as to the source and sponsorship of such products.

34. As a direct and proximate result of the foregoing acts of Defendant, Plaintiff has suffered and will continue to suffer monetary damages in an amount that will be established at trial.

35. Upon information and belief, Defendant's acts were in conscious and willful disregard of Plaintiff's rights, and the resulting damage to Plaintiff is such as to warrant the trebling of damages in order to provide just compensation.

36. Defendant's infringement described herein also irreparably harms Plaintiff, and there is no adequate remedy at law, and as such, the balance of equities weigh in favor of an injunction.

## COUNT II
### Violation of the Illinois Uniform Deceptive Trade Practices Act
### Under 815 ILCS § 510

37. Plaintiff hereby realleges and incorporates each and every paragraph above as though fully stated herein.

38. Defendant's use in commerce of the "Trees R Us" mark in connection with the sale, offering for sale, distribution and advertising of tree services: passes off goods or services as those of another; causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services; causes likelihood of confusion or of misunderstanding as to affiliation, connection, or association with or certification by another; and/or engages in other conduct that similarly creates a likelihood of confusion or misunderstanding, of which all conduct is in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510/2.

39. As a direct and proximate result of the foregoing acts of Defendant, Plaintiff has suffered and will continue to suffer monetary damages in an amount that will be established at trial.

40. Upon information and belief, Defendant's acts were in conscious and willful disregard of Plaintiff's rights.

41. Defendant's acts described herein irreparably harm Plaintiff, and there is no adequate remedy at law, and as such, the balance of equities weigh in favor of an injunction.

## COUNT III
### Trademark Infringement and Unfair Competition Under Illinois Common Law

42. Plaintiff hereby realleges and incorporates each and every paragraph above as though fully stated herein.

43. Defendant's activities, described above, constitute common-law trademark infringement and misappropriation of the goodwill associated with Plaintiff's "Trees 'R' Us" Mark in violation of Illinois common law.

44. Defendant's use in commerce of the "Trees R Us" mark in connection with the sale, offering for sale, distribution, and advertising of tree services to consumers in northern Illinois is likely to cause confusion, or to cause mistake, or to deceive consumers, vendors, and the general public, to the detriment of Plaintiff.

45. Defendant's activities described herein irreparably harm Plaintiff, and there is no adequate remedy at law, and as such, the balance of equities weigh in favor of an injunction.

## REQUEST FOR RELIEF

WHEREFORE, the Plaintiff, Trees "R" Us, Inc., respectfully requests that this Court enter judgment in its favor on each and every count set forth above and award it relief including, but not limited to, the following:

A. An Order holding that the actions of the Defendant, Timothy Adams d/b/a Trees R Us infringe Plaintiff's Mark and that Defendant's actions constitute trademark infringement under federal, state, and common law as detailed above;

B. An Order preliminarily and permanently enjoining Defendant, its employees,

agents, officers, directors, shareholders, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

    i. From using the name "Trees R Us" or any other marks, names, or identifiers that are the same as or confusingly similar to the "Trees 'R' Us" Mark, in any manner or form, in connection with any goods or services in northern Illinois; and

    ii. From representing or suggesting, by any means whatsoever, directly or indirectly, that Defendant, any goods or services offered by Defendant, or any activities undertaken by Defendant, are sponsored or approved by, or are associated, affiliated, or connected with Plaintiff in any way.

C. An Order requiring Defendant to deliver up for destruction all advertisements, promotional materials, labels, signs, pictures, letterhead, plaques, and any other materials containing the infringing mark and/or false claims in its possession, custody, or control, or in the possession, custody, or control of any of its agents or representatives that are in use in northern Illinois or which are designed to be used in northern Illinois;

D. An Order directing Defendant to file with this Court and serve on Plaintiff's attorneys, thirty (30) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the Court's injunctions;

E. An Order requiring Defendant to account for and pay Plaintiff any and all profits arising from or related to Defendant's unlawful acts and that such profits be

increased in accordance with 15 U.S.C. § 1117.

F. An Order requiring Defendant pay Plaintiff the full amount of damages caused by Defendant's unlawful acts, and that such damages be trebled in accordance with 15 U.S.C. § 1117 and other applicable laws;

G. An Order requiring Defendant to pay Plaintiff its costs and attorneys' fees in this action pursuant to 15 U.S.C. § 1117 and other applicable laws; and

H. Any other relief as this Court may deem appropriate.

Dated: March 10, 2016

                                            Respectfully Submitted,

                                            /s/ Matthew J. Sheahin
                                            Matthew J. Sheahin (6243872)
                                            LAVELLE LAW, LTD.
                                            180 N. LaSalle St., Suite 2503
                                            Chicago, IL 60601
                                            Telephone: (312) 241-1772
                                            Facsimile (312) 241-1704
                                            msheahin@lavellelaw.com

                                            /s/ Sarah E. Flohr
                                            Sarah E. Flohr (6316708)
                                            LAVELLE LAW, LTD.
                                            180 N. LaSalle St., Suite 2503
                                            Chicago, IL 60601
                                            Telephone: (312) 888-4112
                                            Facsimile (312) 241-1775
                                            sflohr@lavellelaw.com

                                            *Attorneys for Plaintiff Trees "R" Us, Inc.*



JESSE WHITE
SECRETARY OF STATE

## CORPORATION FILE DETAIL REPORT

| Entity Name | TREES "R" US, INC. | File Number | 60336652 |
|---|---|---|---|
| Status | ACTIVE | | |
| Entity Type | CORPORATION | Type of Corp | DOMESTIC BCA |
| Incorporation Date (Domestic) | 02/05/1999 | State | ILLINOIS |
| Agent Name | BURKE M OEHRLEIN | Agent Change Date | 04/26/2004 |
| Agent Street Address | 1000 E NORTHWEST HWY | President Name & Address | JENNI WILLIS 524 S RAND RD WAUCONDA IL 60084 |
| Agent City | MT PROSPECT | Secretary Name & Address | NICK WILLIS SAME |
| Agent Zip | 60056 | Duration Date | PERPETUAL |
| Annual Report Filing Date | 01/14/2016 | For Year | 2016 |
| Assumed Name | ACTIVE - ORGANIC SOLUTIONS | | |

Return to the Search Screen     Select Certificate of Good Standing for Purchase

(One Certificate per Transaction)

BACK TO CYBERDRIVEILLINOIS.COM HOME PAGE



EXHIBIT A

http://www.ilsos.gov/corporatellc/CorporateLlcController     2/17/2016





501 WEST COLFAX STREET
PALATINE, ILLINOIS 60067
www.lavellelaw.com

TELEPHONE: 847-705-7555
FACSIMILE: 847-705-9960

KERRY M. LAVELLE   TIMOTHY M. HUGHES   THEODORE M. MCGINN   MATTHEW J. SHEAHIN   AMIR ALKASS
HEATHER G. WALSER   STEVEN A. MIGALA   KELLY A. ANDERSON   JAMES D. VOIGT   JENNIFER S. BURT
JAMES R. DOERR   JENÉT G. PEQUEÑO   LANCE C. ZIEBELL   JOSHUA A. NESSER   KRISTINA B. REGAL
JONATHAN K. MILLER   BRIAN J. WARENS   HEIDI A. KUFFEL   SARAH E. FLOHR   RYAN W. GARDNER

August 7, 2015

**WRITER'S DIRECT LINE: 847-241-1791**
**WRITER'S E-MAIL: HKUFFEL@LAVELLELAW.COM**
**WRITER'S DIRECT FAX: 847-241-1792**

**SENT VIA U. S. MAIL AND**
**U.S. CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
Mr. Timothy Adams
Trees R Us
243 E. 17th St.
Chicago Heights, Illinois 60411

Dear Mr. Adams:

    Please be advised that this firm has been retained by Trees "R" Us, Inc., an Illinois corporation, located in Wauconda, Illinois, in connection with your company's illegal use of its trademark. Trees "R" Us, Inc. has been in operation under this name as a professional tree care business since 1999, and has superior rights to the mark.

    It has come to our attention that your company is using the Trees "R" Us mark for your business in Chicago Heights. Your company's use of the mark Trees "R" Us is likely to confuse consumers into believing that your company's products are legitimately connected, sponsored or approved by Trees "R" Us, Inc. As your company does not have approval or authorization from Trees "R" Us, Inc. to use this mark in connection with your business, your company's actions constitute trademark infringement and unfair competition.

    Accordingly, we demand that your company immediately cease and desist from all use and advertising of the mark Trees "R" Us in connection with your business.

    We hope to amicably resolve this matter. To do so, however, we must receive your written assurance <u>by August 14, 2015</u>, that your company will comply with the above demands. Our office will monitor local advertising and operations to ensure continued compliance.



EXHIBIT C

CHICAGO · PALATINE · LAKE FOREST · BENSENVILLE

Please give this matter your immediate attention.

                                                Sincerely,

                                                LAVELLE LAW, LTD.

                                                Heidi A. Kuffel

HAK:rh

cc:    Jenni Willis
        James D. Voigt

s:\2501-2750\2680\cease.desist.trees.r.us.8.7.15.docx